Treeman, J.,
delivered tbe opinion of tlie court.
The first question in this case is, whether a note for *602 $187, assumed to be due E. Donaldson, was properly allowed by the chancellor. It is claimed to be secured under a deed of trust made by Bowman, in which a note, among other liabilities secured, is described as follows: “Shall also pay the amount of one note for about $7 6, if he shall produce said note.” The note for $187, with some interest, is produced and filed as the note thus secured.
We do not think, nothing more appearing to identify the note, that it answers the description of the. note secured. It is not about $7 6, which word “about” would include an approximate amount — that is, a note for a few dolíais more or less, but cannot be held to include one for more than double this sum. We think the chancellor erred in allowing this note.
The question is presented in argument, and made in Bowman’s answer as to the right to a homestead in the land ordered to be sold by the decree of the court. Bowman conveyed the land by deed of trust to Donaldson to secure certain debts; at the time he seems to have been a widower, but the head of a family, having several children residing with him. ITe makes this the basis of his claim in his answer. He died since the case was in this court, and the suit has been revived against his heirs at law.
We see no ground on which the children can claim homestead under these facts. If the wife had been alive, the land could only have been conveyed under the constitution of 1870, so as to pass the homestead by the “joint consent of husband and wife.” Sec. 11, art. 11. While the act of 1870 [ch. 80; Code, secs. 3798, 3799, 3807] exempts the homestead from being sold by legal process during the life of the head of the family, and gives the benefit of the exemption to the widow, and continues the exemption until the youngest child arrives at age, there is no statute that prevents the husband conveying the property as he may choose; if he have no wife, nor that requires that the children shall join in said conveyance. *603 "We therefore hold that no right of homestead exists on the facts in this case in favor of the children.
The case will be reversed on the point indicated, and remanded to chancery court for further proceedings iu execution of the trust. The costs of this court will be paid by Donaldson.